UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANN BURTON,

                Plaintiff,

-against-

WHITE GLOVE PLACEMENT, INC.,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-4072 (SLT) (LB)

**TOWNES, United States District Judge**:

On April 1, 2011, plaintiff Ann Burton, proceeding *pro se*, commenced a Title VII action – *Burton v. White Glove Placement Inc.*, E.D.N.Y. Docket No. 11-CV-1649 (SLT)(LB) – against her former employer, defendant White Glove Placement, Inc. ("White Glove"), and Faigy Friedman, an individual affiliated with White Glove, principally alleging that defendants discriminated against her on the basis of her race, color, age and national origin. In a Memorandum and Order dated April 27, 2011, this Court dismissed plaintiff's Title VII claims against defendant Friedman, advising plaintiff – for the second time – that "Title VII claims can only be brought against the plaintiff's employer." *Burton v. White Glove Placement Inc.*, No. 11-CV-1649 (SLT)(LB), slip op. at 5 (E.D.N.Y. Apr. 27, 2011).[1]  However, the Court granted plaintiff leave to amend her Title VII claim against defendant White Glove so that plaintiff could, among other things, demonstrate that she had exhausted her administrative remedies by filing a charge of discrimination with the EEOC against White Glove. When plaintiff responded to the Court's Memorandum and Order by conceding that she had not filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") until May 5, 2011, and had not

---

[1] This Court had previously apprised plaintiff of this fact less than four months earlier in a Memorandum and Order issued in another case filed by plaintiff. *See Burton v. Shinseki*, No. 10-CV-5318 (SLT)(LB), slip op. at 7 (E.D.N.Y. Jan. 24, 2011).

yet received a right-to-sue letter, this Court dismissed the action without prejudice for failure to exhaust administrative remedies. *See Burton v. White Glove Placement Inc.*, No. 11-CV-1649 (SLT)(LB), slip op. at 4 (E.D.N.Y. June 17, 2011).

In early August 2010, plaintiff commenced this action against White Glove, alleging violations of Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). In an order dated August 30, 2011, Magistrate Judge Lois Bloom, noting that plaintiff had received a right-to-sue letter dated July 15, 2011, granted plaintiff's application to proceed *in forma pauperis* and directed the United States Marshals Service to serve a summons and complaint on White Glove. Although the body of plaintiff's complaint named Friedman and four "Doe" defendants as defendants, Judge Bloom did not direct service on these individuals. Rather, she construed the complaint as naming White Glove as "the defendant" and stated in a footnote:

> Although not mentioned in the caption, plaintiff names five individuals employed by White Glove, Faigy Friedman (named and dismissed in *Burton v. White Glove Placement, Inc.*, 11-CV-1649 (SLT)(LB)) and four "Doe" defendants in the text of her complaint. Plaintiff is reminded that Title VII does not provide for individual liability, *Tomka v. Seiler Corp.*, 66 F. 3d 1295, 1313 (2d Cir. 1995), and therefore the individual defendants she has named are not proper defendants in this action.

*Burton v. White Glove Placement, Inc.*, No. 11-CV-4072 (SLT)(LB), slip op. at 1, n. 1 (E.D.N.Y. Aug. 30, 2011).

On September 28, 2011, this Court received a document dated September 26, 2011, and entitled, "Objection to MJ Orders, Dismissals, and Precedence." This submission did not relate solely to this case, but to all of the actions which plaintiff had filed with this Court. The submission did not object to any particular ruling. Rather, it noted that plaintiff "did not consent

to proceed before a MJ for all purposes" and purported to "object to any and all dismissals, orders and precedence by a MJ, especially unsubstantiated by law."

On September 28, 2011, an attorney appeared as counsel for White Glove in this action. The very next day, the attorney filed a pre-motion conference request, seeking permission to move to dismiss on behalf of "Defendants." The pre-motion conference request did not specifically identify the "Defendants" whom the attorney purports to represent, but characterized this action as alleging "that White Glove, as well as five individually named Defendants (Faigy Friedman and four "Does") discriminated against [plaintiff] . . . ." Letter to Hon. Sandra L. Townes from Nicole Q. Saldana, Esq., dated Sept. 29, 2011, at 1. The pre-motion conference request then listed several grounds for the proposed motion to dismiss, the second of which read:

> [I]t is well settled that individuals are not subject to liability under Title VII, the ADA or the ADEA and Plaintiff's claims against the individual defendants should be dismissed.

*Id.* (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995)). Plaintiff has not responded to the pre-motion conference request.

## *DISCUSSION*

As a preliminary matter, this Court must determine how to characterize plaintiff's submission dated September 26, 2011. Rule 72(a) of the Federal Rules of Civil Procedure provides a procedure by which parties can object to a magistrate judge's orders. However, that procedure requires the objection be filed within 14 days of service of the order, and that the objection identify specific defects in the order. "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

Although plaintiff's submission dated September 26, 2011, is entitled, "Objection to MJ

Orders, Dismissals, and Precedence," it does not identify any particular order, much less a specific defect in an order. Moreover, the submission was not drafted until 26 days after Judge Bloom's August 30, 2011, order was mailed to plaintiff. Accordingly, this Court does not construe plaintiff's submission dated September 26, 2011, as constituting an objection to Judge Bloom's August 30, 2011, order.

Even if this Court were to construe plaintiff's submission as an objection, it would not find that Judge Bloom erred in directing that the Marshals serve only White Glove. First, although this Court finds that plaintiff's complaint, liberally construed, seeks to name six defendants – White Glove, Friedman, and the four "Does" – it also finds that Judge Bloom was entirely correct in noting that the employment discrimination claims against Friedman had been dismissed with prejudice in the prior action. *See Burton v. White Glove Placement Inc.*, No. 11-CV-1649 (SLT)(LB), slip op. at 5 (E.D.N.Y. Apr. 27, 2011). Accordingly, plaintiff cannot renew the employment discrimination claims against Friedman in this action.

Second, although plaintiff's complaint implies that the Doe defendants are affiliated with White Glove, these individuals are not identified with the particularity necessary to enable the Marshals to serve them. However, this Court notes that the pre-motion conference request – filed by an attorney who has appeared solely on behalf of White Glove – seeks permission to move to dismiss on behalf of multiple "Defendants," and to dismiss the claims against unspecified individuals. If White Glove's attorney is able to identify one or more of the Doe defendants based on the allegation in plaintiff's complaint, has been authorized to represent those individuals and to waive service on their behalf, and wishes to appear on their behalf in this action, the attorney shall make all these facts apparent in filings with this Court on or before December 1, 2011. Otherwise, this Court will assume that White Glove's attorney does not

4

represent any of the individual defendants, and that the pre-motion conference request seeks permission to move to dismiss only the claims against White Glove.

Since plaintiff has not opposed the pre-motion conference request, White Glove's request for permission to move to dismiss is granted. Accordingly, it is hereby **ORDERED**:

1. That, although this Court construes plaintiff's complaint as naming six defendants – namely, White Glove, Friedman, and four Doe defendants – the employment discrimination claims against defendant Friedman were already dismissed with prejudice in *Burton v. White Glove Placement Inc.*, No. 11-CV-1649 (SLT)(LB), slip op. at 5 (E.D.N.Y. Apr. 27, 2011), and cannot be re-litigated in this action;

2. That plaintiff's complaint does not identify the Doe defendants with the particularity necessary to enable the Marshals to serve them;

3. That on or before December 1, 2011, White Glove's counsel shall advise this Court in writing if counsel is 1) able to identify one or more of the Doe defendants based on the allegation in plaintiff's complaint, 2) has been authorized to represent those individuals and to waive service on their behalf, and 3) wishes to appear on their behalf in this action;

4. That on or before December 2, 2011, White Glove's counsel shall serve the motion to dismiss on plaintiff by mailing a copy of the motion papers, along with the Notice to Pro Se Litigant required by Local Civil Rule 12.1, to plaintiff on or before December 2, 2011. While White Glove's counsel can elect to raise any of the grounds identified in the pre-motion conference request, the motion can only seek relief on behalf of those parties for which counsel has filed a Notice of Appearance or otherwise appeared;

5. That on or before January 6, 2012, plaintiff shall serve her response to the motion to dismiss on White Glove's counsel by mailing a copy to Nicole Q. Saldana at Jackson Lewis's Manhattan office, 666 Third Avenue, New York, New York 10017; and

6. That White Glove's counsel shall have until January 20, 2012, in which to serve a reply, if any, on plaintiff and to electronically file all motion papers with this Court.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: November 4, 2011
Brooklyn, New York