UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANN BURTON,

                      Plaintiff,

      -against-

WHITE GLOVE PLACEMENT, INC.,

                      Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-4072 (SLT) (LB)

**TOWNES, United States District Judge:**

      This Court is in receipt of a submission dated November 9, 2011, which is addressed to this Court, Chief Judge Amon and the former Clerk of Court and entitled, "Plaintiff's Objection to Judge Townes['] Order dated November 4, 2011." That submission consists of twelve numbered paragraphs, some of which are addressed below.

      First, with respect to paragraphs 1, 3, and 4 this Court agrees that all documents plaintiff files with Court should be docketed and that copies of all documents electronically docketed by this Court or defendants should be mailed to plaintiff. Since plaintiff has filed twelve actions in this Court over the last eleven months – some of which bear the same caption as cases filed previously – docketing errors may occur. However, errors are more likely to occur where – as in the case of the submission discussed herein – plaintiff neglects to write the docket number on her submission.[1] Accordingly, it is important that each submission bear a correct docket number.

      This Court cannot grant the *pro se* plaintiff electronic access to Pacer/ECF or waive fees associated with its use. However, to guard against the possibility that time-sensitive orders may

---

[1] Indeed, this Court notes that the instant submission was originally docketed under 11-CV-2030.

be delayed in docketing, chambers has been mailing plaintiff copies of all orders entered in this case.[2]

In response to paragraph 7, plaintiff is advised that this Court's Individual Motion Practices and Rules require that "[a]ny party, other than a *pro se* litigant, must request a pre-motion conference with the Court before making a motion for summary judgment pursuant to Federal Rule of Civil Procedure ('FRCP') 56, a motion pursuant to FRCP 12, a motion for a change of venue, or a motion to amend a pleading pursuant to FRCP 15." *See* Individual Motion Practices and Rules of Judge Sandra L. Townes, § III.A. This provision, which enables the Court to learn the substance of certain motions before they are drafted, serves to expedite the litigation process by weeding out meritless motions or issues which can be resolved without motion practice. A copy of this Court's Individual Motion Practices and Rules are available at http://www.nyed.uscourts.gov/pub/rules/SLT-MLR.pdf.

With respect to paragraph 8, this Court notes that Ms. Saldana's Notice of Appearance lists her address as 666 Third Avenue, New York, New York 10017. This same address also appears on Ms. Saldana's subsequent submissions to this Court. Accordingly, the Clerk of Court is directed to amend the docket sheet to reflect this Third Avenue address.

With respect to paragraph 12, this Court notes that its Memorandum and Order dated November 4, 2011 (the "November 4 M&O"), directed Ms. Saldana to "advise this Court in writing if counsel is 1) able to identify one or more of the Doe defendants based on the allegation in plaintiff's complaint, 2) has been authorized to represent those individuals and to waive

---

[2] For this reason, plaintiff may be receiving more than one copy of each order: one mailed by chambers and one mailed by the Clerk's Office.

2

service on their behalf, and 3) wishes to appear on their behalf in this action." To the extent that Ms. Saldana is able to identify the Doe defendants, this Court expects that she will provide their names and addresses without further order of this Court.

Three other paragraphs suggest that plaintiff may be seeking reconsideration of this Court's November 4 M&O. Paragraph 5 alleges that plaintiff's "Objection to MJ Orders, Dismissals, and Precedence" was a timely objection under Fed. R. Civ. P. 72. Paragraph 10 suggests that this Court may have overlooked an argument relating to "reprisals," and paragraph 11 implies that Magistrate Judge Bloom erroneously dismissed defendants.

In keeping with its duty to construe *pro se* submissions liberally, *see, e.g.*, *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), this Court will construe these paragraphs as requesting reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases). "[A] motion for reconsideration is not an additional opportunity to reargue claims previously denied." *United States v. Sessa*, Nos. 92-CR-351 (ARR), 97-CV-2079 (ARR), 2011 WL 867175, at *1 (E.D.N.Y. Mar. 8, 2011).

These three paragraphs do not make out a valid basis for reconsideration. With respect to paragraph 5, the docket sheet confirms what this Court previously has already determined: that plaintiff's "Objection to MJ Orders, Dismissals, and Precedence," dated September 26, 2011, was not drafted until 26 days after Judge Bloom's August 30, 2011, order was mailed to plaintiff.

Since this Court did not construe plaintiff's submission dated September 26, 2011, as constituting an objection to Judge Bloom's August 30, 2011, order, November 4 M&O at 4, it is irrelevant whether or not the objection was timely. However, if this Court had construed plaintiff's submission dated September 26, 2011, as an objection, that objection would have been untimely. *See* Fed. R. Civ. P. 72(a) (objection due 14 days after service of order); Fed. R. Civ. P. 6(d) (adding 3 days where service is made by mail).

With respect to paragraph 11, this Court's November 4 M&O held that Magistrate Judge Bloom was "entirely correct in noting that the employment discrimination claims against [defendant] Friedman had been dismissed with prejudice in the prior action." November 4 M&O at 4 (citing *Burton v. White Glove Placement Inc.*, No. 11-CV-1649 (SLT)(LB), slip op. at 5 (E.D.N.Y. Apr. 27, 2011)). The November 4 M&O further held that Judge Bloom was correct in not ordering service on the Doe defendants, because these individuals were not identified with the particularity necessary to enable the Marshals to serve them. Id. Plaintiff's claims against these four Doe defendants have not been dismissed.

Paragraph 10 suggests that this Court may have overlooked those allegation in the complaint which claimed that "defendants" were engaged in "reprisals" or retaliation. This Court did not overlook such allegations, but construed them as alleging a cause of action only against defendant White Glove Placement, Inc. The anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Americans with Disabilities Act make it unlawful for an employer to retaliate against an employee who has exercised her statutory right to complain about conduct that she considers discriminatory. *See* 29

U.S.C. § 623(d); 42 U.S.C. §§ 2000e–3(a), 12203(a). Accordingly, plaintiff's retaliation claims could not be raised against defendant Friedman or any of the Doe defendants.

## *CONCLUSION*

For the reasons stated above, the Clerk of Court is directed to amend the docket sheet to reflect that Nicole Q. Saldana's current address is 666 Third Avenue, New York, New York 10017. Ms. Saldana is reminded that this Court expects her to provide the names and addresses of those Doe defendants whom she is able to identify by December 1, 2011. Plaintiff is reminded that, to enable the Clerk of Court to correctly docket all of her submissions, she must write the applicable docket number(s) on each submission. This Court cannot grant plaintiff electronic access to Pacer/ECF or waive fees associated with its use.

In an abundance of caution, paragraphs 5, 10 and 11 of plaintiff's submission dated November 9, 2011, entitled "Plaintiff's Objection to Judge Townes['] Order dated November 4, 2011," are construed as requesting reconsideration pursuant to Fed. R. Civ. P. 60(b). However, reconsideration is denied.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: November 18, 2011
 Brooklyn, New York